**UNITED STATES Of America,
Plaintiff–Appellee,**

v.

**Phillip Wayne DAVIS, Defendant–
Appellant.**

No. 99–5142.

United States Court of Appeals,
Sixth Circuit.

May 15, 2003.

Before NORRIS and DAUGHTREY, Circuit Judges, and BERTELSMAN,* District Judge.

PER CURIAM.

In our original opinion in this case, we affirmed defendant Phillip Wayne Davis's conviction for conspiracy to distribute marijuana and his resulting 121–month sentence. Davis then filed a petition for rehearing and suggestion for rehearing *en banc* based on the United States Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the *Apprendi* decision is applicable to cases pending at the time of its release, we find it necessary to grant the petition to rehear in order to address the issue raised in that petition. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (holding that appellate courts should apply new constitutional rules retroactively

* The Hon. William O. Bertlesman, United States District Judge for the Western District of Kentucky, sitting by designation.

to cases still on direct review). We therefore amend our original opinion to incorporate the following analysis.

Davis is correct in asserting that the indictment charging him with conspiracy did not include the drug quantity attributable to the offense for which he was convicted and also in his contention that the jury was not asked to determine the drug quantity, both in violation of the ruling in *Apprendi.* However, because he did not object to either omission in the district court, we review the sentencing order for plain error only. *See United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002); *United States v. Bartholomew,* 310 F.3d 912, 926 (6th Cir. 2002). Finding no such error, we again affirm the district court's judgment.

As indicated in the initial opinion, Davis was one of 15 co-defendants in a wide-ranging conspiracy. All but two of the defendants, Davis and one other, pleaded guilty. Davis went to trial and was convicted by a jury. Following his conviction, the probation officer assigned to the case filed a pre-sentence report holding Davis responsible for 70–80 kilograms of marijuana. Davis did not object to that calculation, but the government did, citing trial testimony of co-defendants as to the quantity of marijuana that Davis assisted in distributing. After reviewing the testimony, the probation officer recalculated the marijuana quantity and determined that Davis was responsible for between 113 and 272 kilograms of marijuana. Davis objected to this adjusted amount, arguing that

the original pre-sentence report contained the correct amount. At the sentencing hearing, the district court found Davis was responsible for all 862 kilograms of marijuana involved in the entire conspiracy. The court sentenced Davis to 121 months incarceration, which was within the sentencing guidelines range of 121–151 months.

Davis argues that in imposing a sentence of 121 months, the district court violated *Apprendi,* which held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Under 21 U.S.C. § 841(b)(1)(D), the maximum sentence for possessing or conspiring to distribute an unspecified amount of marijuana up to 50 kilograms of marijuana is five years. *See Bartholomew,* 310 F.3d at 925. The statutory maximum for possessing or conspiring to distribute between 50 and 100 kilograms of marijuana is 20 years. *See* 21 U.S.C. § 841(b)(1)(C).[1] The statutory maximum for possessing or conspiring to distribute 100 kilograms or more of marijuana is 40 years, with a five-year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(B). Davis contends that in the absence of a jury determination that he conspired to distribute at least 50 kilograms of marijuana, he is constitutionally subject to no more that five years' imprisonment. We disagree.

Under the plain error test of Federal Rule of Criminal Procedure 52(b), there

---

1. Although the text of § 841(b)(1)(C) does not explicitly state that it applies where a defendant is responsible for 50 to 100 kilograms of marijuana, case law indicates that it is the appropriate penalty provision for that amount of marijuana. *See, e.g., United States v. Covington,* 2001 WL 302067, at *5, 7 Fed.Appx. 386 (6th Cir. March 21, 2001) ("With regard to marijuana, sections 841(b)(1)(A) and (B)

apply to amounts of marijuana in excess of 100 kilograms or more. Section 841(b)(1)(D) applies to amounts of marijuana of less than 50 kilograms. Section 841(b)(1)(C) applies to quantities of marijuana of at least 50 but less than 100 kilograms."); *see also United States v. Graham,* 275 F.3d 490, 524 n. 23 (6th Cir.2001).

must be (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. *See Cotton,* 122 S.Ct. at 1785. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted). We conclude that the Supreme Court's opinion in *Cotton* precludes a finding of plain error in Davis's case.

In *Cotton,* the Court held that enhancement of the sentence by the trial judge based on the amount of drugs does not constitute plain error when the error does not seriously affect the fairness of the proceeding because the drug amount used in sentencing a defendant was in fact clearly shown. *See* 122 S.Ct. at 1786; *see also United States. v. Harris,* 293 F.3d 970, 974 (6th Cir.2002). If the evidence is "overwhelming" and "essentially uncontroverted," then there is simply no basis for concluding that the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Cotton,* 122 S.Ct. at 1786.

In this case, the evidence was overwhelming that defendant's involvement in the conspiracy met the minimum drug quantity to justify the sentence imposed. Davis did not object to the initial pre-sentence report, which held him responsible for 70–80 kilograms of marijuana. Indeed, after the pre-sentence report was revised, Davis objected to being responsible for the higher amount of marijuana calculated by the probation officer, arguing that the original estimate of 70–80 kilograms was the accurate figure. Hence, Davis's sentence falls under 21 U.S.C. § 841(b)(1)(C), which provides for a sentence of not more than 20 years. Because Davis's sentence of 121 months does not exceed the 240 month maximum established by § 841(b)(1)(C), its imposition can not be held to be reversible error.

For the reasons set out above, we conclude that the defendant's claim for relief under *Apprendi* is foreclosed by the Supreme Court's subsequent opinion in *Cotton,* that no plain error was committed in connection with his sentence, and that the district court's judgment must be AFFIRMED.